748 A.2d 205

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Christopher FENATI, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 7, 2000.

Decided March 22, 2000.

Joel S. Sansone, Pittsburgh, for Christopher Fenati.

William M. Panella, Matthew T. Mangino, New Castle, Thomas W. Minett, Ellwood City, for the Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## *OPINION*

CAPPY, Justice.

This is an appeal by allowance from the opinion and order of the Superior Court affirming the Court of Common Pleas of Lawrence County's denial of Appellant's petition filed pursu-

ant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541 *et seq.* The sole issue with which we are concerned in this matter is the proper definition of the term "year" for purposes of determining whether the timeliness requirements of the PCRA have been satisfied. For the following reasons, we now reverse.

In 1988, Appellant was convicted of second degree murder [1], kidnapping and conspiracy. He was sentenced to a mandatory term of life imprisonment on the murder conviction, a concurrent five to ten year term of imprisonment on the kidnapping conviction, and a consecutive two to four year term of imprisonment on the conspiracy conviction. The Superior Court affirmed in an unpublished opinion. *Commonwealth v. Fenati*, 400 Pa.Super. 617, 576 A.2d 1132 (1990) (table). This court subsequently denied allowance of appeal. *Commonwealth v. Fenati*, 526 Pa. 629, 584 A.2d 312 (1990) (table).

On January 16, 1997, Appellant filed the instant PCRA petition, which is his first petition under the PCRA. He raised two allegations. First, he claimed that trial counsel was ineffective when he failed to inform Appellant of a plea bargain offer. Second, he claims that trial counsel was rendered incompetent by his abuse of alcohol. After holding a hearing on this matter, the PCRA court dismissed the petition on its merits.

Appellant then appealed to the Superior Court. In analyzing Appellant's appeal, the Superior Court stated that the first step was to determine whether Appellant's PCRA petition had been timely filed. The court correctly noted that 42 Pa.C.S. § 9545 (effective January 16, 1996) dictates that a PCRA petition is not timely unless it is filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). The court noted that Appellant's judgment of sentence became final ninety days after this court denied allowance of appeal in 1990, many years prior to the filing of the instant PCRA petition.

---

1. We note that the PCRA court opinion incorrectly states that Appellant was convicted of first degree murder.

Yet, the court also recognized that there is an exception to this general timeliness rule which is applicable to petitioners such as Appellant whose judgment had become final before the effective date of the recent amendments and who were filing their first PCRA petition. This provision states that such a petitioner's first PCRA petition will be deemed timely so long as it is filed within one year of the effective date of the act. Section 3(1) of the Act of Nov. 17, 1995 (Spec.Sess. No. 1) P.L. 1118, No. 32 (effective January 16, 1996) ("section 3(1)"). The Superior Court determined that a "year" is always equal to 365 days; therefore, since 1996 was a leap year, the 365 th day fell on January 15, 1997. The court concluded that since Appellant's petition was filed on January 16, 1997, it was not timely filed. Finally, the court determined that none of the exceptions to the one year filing requirement applied to Appellant's petition.[2] The Superior Court therefore affirmed the order of the PCRA court.

Appellant then filed a Petition for Allowance of Appeal with this court. We granted allocatur, limiting our review to the narrow issue of whether the one year limitation period for filing a PCRA petition set forth in Section 3(1) includes the additional day added during a leap year. For the following reasons, we now reverse.

In order to determine what constitutes a "year," we turn first to the Statutory Construction Act which defines this term as consisting of a "calendar year". 1 Pa.C.S. § 1991. This is not the end of our inquiry, however, as our calendar years are not all of equal length. Most years consist of a 365 day cycle. Yet, every fourth year is a "leap year" in which one "leap day" is added to the calendar in order to correct for the imprecision

---

**2.** There are three exceptions to the timeliness requirement. In brief, in order to have an otherwise untimely petition considered, the petitioner must plead and prove either: (a) that his failure to raise the claim previously was the result of governmental interference, (b) or the facts on which the claim is predicated were unknown to the petitioner and could not have been ascertained via the exercise of due diligence, or (c) that the right asserted is of constitutional dimension, was not recognized until after the time period for filing a PCRA petition had passed, and has been held to apply retroactively. 42 Pa.C.S. § 9545(b)(1).

in our calendar year vis-a-vis the solar cycle.[3] *See* David Ewin Duncan, *Calendar,* 17–22 (Avon Books, Inc.1998). The concept of the fourth year containing a 366th day is far from being a modern one, but rather has been in currency since Ptolemy III of Egypt instituted a leap year system in 238 B.C. *Id.* at 22 and 41. During the leap years, we do not view the leap day as somehow being separate and apart from the rest of the calendar year; rather, it is commonly recognized that in these leap years, a year consists not of 365 days but rather of 366 days. *See Random House Dictionary of the English Language* 2200 (2nd edition–unabridged) (a "year" is defined as "a period of 365 or 366 days, in the Gregorian calendar, divided into 12 calendar months.... ")

We find that this common sense approach to defining what constitutes a "calendar year" is the most logical and hereby endorse it. Appellant's PCRA petition was filed on the 366th day during a twelve month cycle in which a leap day occurred and thus was filed within a "year" of January 16, 1996, the effective date of recent amendments to the PCRA. Accordingly, we find that Appellant's PCRA petition was timely filed pursuant to Section 3(1). Therefore, we reverse the order of the Superior Court and remand this matter to the Superior Court for proceedings consistent with this opinion.[4]

---

**3.** There is an exception to the rule that a leap year occurs every four years. To be precise, a leap year "occurs in years whose last two digits are evenly divided by four except for centenary years not divisible by 400." *Random House Dictionary of the English Language* 1095 (2nd edition-unabridged). For example, the years 2000 and 2400 will be leap years, but the years 2100, 2200, and 2300 will not.

**4.** We emphasize that the only issue which we decide in this appeal is whether the PCRA petition was timely filed.