## Commonwealth v. Carrero

C.P. of Berks County, no. 0077-03.

*John T. Adams, district attorney,* for Commonwealth.
*Jimmy Lee Carrero*, pro se.

LIEBERMAN, *J.*, November 18, 2010—The defendant appeals from the dismissal of his PCRA petition, which was meritless. After receiving notice of the defendant's appeal, this court directed him to file a concise statement of errors complained of on appeal pursuant to Pennsylvania rule of appellate procedure 1925(b). The defendant complied with this court's order on or about October 30, 2010. In his appeal, the defendant alleges the following errors:

1. Did the PCRA Court err in dismissing the PCRA petition without scheduling an evidentiary hearing to hear testimony concerning the cognitive abilities of Juveniles?

2. Does the United States Supreme Court decision

in *Graham v. Florida* provide an avenue of relief for juveniles who have been sentenced to life imprisonment, as a worldwide consensus has condemned the same?

(Concise statement of errors complained of on appeal, 10/30/10).

This court is bound by the principle of stare decisis and, therefore, follows precedent established by the United States Supreme Court and Pennsylvania's appellate courts, as opposed to the vagaries of worldwide consensus." Our July 27, 2010 order and notice of intent to dismiss, attached hereto as Exhibit "A," thoroughly addressed the issues raised by the defendant in his appeal. We incorporate that document, adopt it as our opinion in this matter, and respectfully request that the defendant's appeal be denied based upon the reasoning contained therein.

## FACTUAL AND PROCEDURAL HISTORY

On July 19, 2002, during the commission of a home invasion robbery, the defendant executed Jaryd Runyans, who was simply lying on the floor and doing his best to comply with the defendant's commands. The killing was completely senseless.

## EXHIBIT "A"

On April 23, 2004, following a jury trial, the defendant was convicted of second-degree-murder and related offenses. The defendant was subsequently sentenced to an aggregate terms of life plus twenty-five and one-half to one hundred five years of imprisonment. The defendant filed a direct appeal to the Superior Court of Pennsylvania, which affirmed his judgment of sentence on February 3, 2005. The defendant then sought review in the Supreme Court of Pennsylvania, which denied allocator on June 10,

2005.

The defendant filed a timely pro se PCRA petition on March 28, 2006. Michael Dautrich, Esquire, the defendant's court appointed attorney, filed a *Finley* petition on November 2, 2006 in which he asserted that there no meritorious issues that could be raised. This court issued an order and notice of intent to dismiss the PCRA petition on June 11, 2007, and subsequently dismissed said petition on August 16, 2007. That order was never appealed.

On or about July 6, 2010, the defendant filed the instant pro se PCRA petition in which he argues that the United States Supreme Court's holding in *Graham v. Florida,* 130 S.Ct. 2011, entitles him to relief. This petition is manifestly untimely, and because none of the statutory exceptions to the PCRA time bar are applicable, this court lacks jurisdiction to reach the merits of the defendant's petition.

## APPLICABLE LAW

The Pennsylvania Supreme Court has "repeatedly stated that the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely PCRA petitions." *Commonwealth v. Robinson,* 575 Pa. 500, 508, 837 A.2d 1157, 1161 (Pa. 2003). A PCRA petition must be filed within one year of the date that the judgment became final, unless the defendant alleges one of the statutorily enumerated exceptions. 42 Pa. C.S.A. §9545(b); *Commonwealth v. Dickerson,* supra. A judgment of sentence becomes final at the conclusion of direct review or at the expiration of the time for seeking such review. 42 Pa.C.S.A. §9545(b)(3).

Here, there is no question that the defendant filed

his PCRA petition outside of the time requirements of the PCRA. The defendant's petition for allocatur was denied on June 10, 2005. United States Supreme Court Rule 13 provides that "[a] petition for writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when filed with the clerk within ninety days after entry of the order denying discretionary review." U.S. Sup. Ct. Rule 13, 28 U.S.C.A. Under this rule, the defendant had ninety days, or until September 8, 2005, to file a petition for certiorari in the United States Supreme Court. *See Commonwealth v. Owens*, 718 A.2d 330, 331 (Pa. Super. 1998). Since the defendant did not seek certiorari, his judgment of sentence became final on September 8, 2005. He therefore had one calendar year from that date, or until September 8, 2006, to file a PCRA petition. *Commonwealth v. Fenati*, 561 Pa. 106, 748 A.2d 205 (Pa. 2000). Consequently, the instant petition, which was filed on July 8, 2010, is manifestly untimely.

A PCRA court may only reach the merits of an untimely petition if the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with presentation of the claim in violation of the constitution or laws of this Commonwealth or the constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was

recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively. 42 Pa. C.S.A. §9545(b)(1)(i-iii).

Furthermore, if a petitioner asserts one of these exceptions, he must file the petition within sixty days of the date that the exception could have been asserted. 42 Pa. C.S.A. §9545(b)(2).

In the instant matter, the defendant argues that the United States Supreme Court's recent holding in *Graham v. Florida* entitles him to relief. In *Graham*, the Supreme Court held that the cruel and unusual punishment clause of the eighth amendment prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide. As Justice Kennedy eloquently wrote:

> There is a line between homicide and other serious violent offenses against the individual. Serious nonhomicide crimes may be devastating in their harm . . . but in terms of moral depravity and of the injury to the person and to the public...they cannot be compared to murder in their severity and irrevocability. This is because life is over for the victim of the murderer, but for the victim of even a very serious nonhomicide crime, life is not over and normally is not beyond repair. Although an offense like robbery or rape is a serious crime deserving serious punishment, those crimes differ from homicide crimes in a moral sense. *Graham v. Florida*, 130 S.Ct. 2011, 2027 (U.S. 2010).

Since the defendant in the instant case was convicted of second-degree-murder, the Supreme Court holding in

*Graham* is obviously inapplicable. Therefore, because none of the statutory exceptions to the PCRA time bar apply, this court lacks jurisdiction to reach the merits of the defendant's petition.

The defendant shall have twenty (20) days from the date of this notice to respond to the proposed dismissal. If this court receives no response within that time period, an order dismissing the defendant's motion for post conviction collateral relief will be filed with the clerk of courts.

### ORDER AND NOTICE OF INTENT TO DISMISS

And now, July 27, 2010, notice is hereby given by the undersigned, the Honorable Stephen B. Lieberman, of his intention to dismiss without a hearing the defendant's petition for post conviction collateral relief, pursuant to Pennsylvania Rule of Criminal Procedure 907. After a careful review of the petition and the record, this court concludes that it is without jurisdiction to hear the substantive claims raised by the defendant as the petition was untimely filed and defendant has failed to prove that one of the statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies. *Commonwealth v. Dickerson,* 900 A.2d 407, 410 (Pa. Super. 2006).