J-S19006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| THEODORE D. PRZYBYSZEWSKI JR. | |
| Appellant | No. 576 EDA 2014 |

Appeal from the PCRA Order dated February 4, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0300701-1985

BEFORE:  STABILE, J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 23, 2015**

Appellant Theodore D. Przybyszewski Jr. *pro se* appeals from the February 4, 2014 order of the Court of Common Pleas of Philadelphia County ("PCRA court"), which dismissed as untimely Appellant's request for collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  For the reasons set forth below, we affirm.

The PCRA court summarized the facts and procedural history of this case as follows:

> [Appellant] was arrested and charged with murder and related offenses for an incident which occurred in late December 1982.  Prior to trial, a plea bargain was reached in which the Commonwealth stated that the death penalty would not be sought in exchange for a guilty plea.  On September 9, 1987, [Appellant] pled guilty to first degree murder and possession of an instrument of crime in front of the Honorable George J. Ivins, and was sentenced to life imprisonment.  [Appellant] moved to withdraw his guilty plea, but his motion was denied at a hearing on September 23, 1987.  [Appellant] appealed the judgment of sentence, and the Superior Court dismissed the appeal on

February 11, 1988 for failure of court appointed counsel to file a brief.[1]

On October 19, 1988, [Appellant] filed a petition under the Post Conviction Hearing Act. Counsel was appointed, and based upon submission of a "no merit" letter pursuant to ***Turner/Finley***,[FN] [Appellant's] petition was dismissed as frivolous on October 10, 1991. [Appellant] filed an appeal, and the Superior Court affirmed the dismissal on August 13, 1992. Allocatur was denied on April 15, 1993 by the Pennsylvania Supreme Court.

> [FN.] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 214 (Pa. Super. 1988) [(*en banc*)].

On February 15, 1995, [Appellant] filed a petition pursuant to the Post Conviction Relief Act. Counsel was appointed, and after review, a "no merit" letter pursuant to ***Turner/Finely*** was filed. [Appellant's] petition was dismissed based on ***Turner/Finley*** on October 26, 1995. [Appellant] filed an appeal to the Superior Court, but the appeal was withdrawn and discontinued on March 20, 1996.

[Appellant] filed the instant petition on February 3, 2010. A copious number of amended petitions and supplemental filings have since been submitted. After conducting an extensive and exhaustive review of the record and applicable case law, th[e] [PCRA court] finds that [Appellant's] petition for post conviction collateral relief is untimely filed. Therefore, this [PCRA court] does not have jurisdiction to consider [Appellant]'s PCRA petition.

PCRA Court Opinion, 2/4/15, at 1-2. Appellant timely appealed to this Court.

---

[1] Appellant's judgment of sentence became final prior to the 1995 enactment of the PCRA. As a result, he had until January 16, 1997 to file a timely PCRA petition so long as that petition was his first one. ***See Commonwealth v. Weatherill***, 24 A.3d 435, 436 (Pa. Super. 2011) (citing ***Commonwealth v. Fenati***, 748 A.2d 205 (Pa. 2000)) ("[T]here is an exception to [Section] 9545 for a first PCRA petition filed by a defendant whose judgment of sentence became final prior to the 1995 amendments as long as the first PCRA petition is filed by January 16, 1997."), ***appeal denied***, 63 A.3d 777 (Pa. 2013).

On appeal,[2] Appellant filed an inordinately lengthy multi-part brief—containing confusing and rampantly incoherent arguments—that fails to comply in any meaningful way with the briefing requirements set forth in the procedural rules.[3]  Although we are unable to discern the precise nature of Appellant's arguments on appeal, we construe his brief to assert the following assertions of error.  First, Appellant appears to challenge the discretionary aspects of his sentence, arguing that the trial court failed to consider mitigating factors, including his mental illness.  Second, Appellant raises an ineffectiveness claim against his trial, direct appeal and PCRA counsels.  Third, Appellant appears to argue his sentence is unconstitutional

_____

[2] "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (quoting *Commonwealth v. Rainey*, 928 A.2d 215, 223 (Pa. 2007)).

[3] Additionally, Appellant filed a 50-page reply brief that was equally incoherent and confusing.  We also recognize the PCRA court's observation:

> [Appellant] filed over 45 Amended Petitions, Motions, and Pro Se Correspondences in support of his PCRA Petition, with the majority of filings well over 50 pages.  The vast majority of [Appellant's] filings do not come remotely close to supporting a single one of his claims.  For example, [Appellant] opined on the current court system and its deficiencies, why [Appellant] should be appointed a strictly female attorney, and submitted a variety of "Motions" that are outside the scope of the PCRA court.  These remaining filings can only be categorized as frivolous and vexatious at best, and inappropriate and malicious at worse. [Appellant's] preference of flooding the court with wasteful filings has gone well past the point of decency and crossed the line of gross waste of judicial resource in both in his own case and that of other [p]etitioners.

PCRA Court Opinion, 2/4/14, at 11-12.

given his mental illness. Fourth, Appellant argues that his sentence of life imprisonment violates the Equal Protection Clause of the United States and Pennsylvania constitutions, because he was below the age of 25 when he committed the homicide.

Before we may address the merits of Appellant's appeal, we must determine as a threshold matter whether the court erred in dismissing as untimely Appellant's PCRA petition. The PCRA contains the following restrictions governing the timeliness of any PCRA petition.

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section **and has been held by that court to apply retroactively**.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed **within 60 days** of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b) (emphasis added). Section 9545's timeliness provisions are jurisdictional. **Commonwealth v. Ali**, 86 A.3d 173, 177 (Pa. 2014).

Instantly, there is no dispute that Appellant's PCRA petition was untimely. Appellant argues only that he overcomes the PCRA's time-bar because of the United States Supreme Court's decision in **Miller v. Alabama**, 132 S. Ct. 2455 (2012).[4] Appellant argues **Miller** applies to the case *sub judice*, because Appellant was an adult under the age of twenty-five at the time he committed the homicide.[5] In support of his argument, Appellant asserts that adults under the age of twenty-five do not have fully developed brains.

Appellant's argument fails for several reasons. First, Appellant did not raise this argument within 60 days of the Supreme Court's June 25, 2012 decision in **Miller**. As the PCRA court noted, Appellant "did not file his **Miller** claim until January 28, 2013, which is well past the 60-day deadline." PCRA Court Opinion, 2/4/14, at 9. Second, it is settled that **Miller** did not recognize a new constitutional right under Section 9545(b)(1)(iii) that

---

[4] The Court in **Miller** held that "[m]andatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" **Miller**, 132 S. Ct. at 2460.

[5] It is undisputed that Appellant was twenty-four years old at the time he committed the homicide. **See** PCRA Court Opinion, 2/4/14, at 10.

applies retroactively. In ***Commonwealth v. Cunningham***, 81 A.3d 1 (Pa. 2013), our Supreme Court held that ***Miller*** did not apply retroactively to cases on collateral appeal. ***Cunningham***, 81 A.3d at 9-10 (noting that "nothing in [a]ppellant's arguments persuades us that ***Miller***'s proscription of imposition of mandatory life-without-parole sentences upon offenders under the age of eighteen at the time their crimes were committed must be extended to those whose judgments of sentences were final as of the time of ***Miller***'s announcement"). As noted earlier, Appellant's sentence became final in 1988, well before the ***Miller*** decision was issued. Third, we have rejected the argument that ***Miller*** applies to adults with underdeveloped brains. In ***Commonwealth v. Cintora***, 69 A.3d 759 (Pa. Super. 2013), ***appeal denied***, 81 A.3d 75 (Pa. 2013), two appellants, who were nineteen and twenty-one years of age at the time of their underlying crimes, and sentenced to life imprisonment, claimed:

> [T]hat because ***Miller*** created a new Eighth Amendment right, that those whose brains were not fully developed at the time of their crimes are free from mandatory life without parole sentences, and because research indicates that the human mind does not fully develop or mature until the age of 25, it would be a violation of equal protection for the courts to treat them or anyone else with an immature brain, as adults. Thus, they conclude that the holding in ***Miller*** should be extended to them as they were under the age of 25 at the time of the murder and, as such, had immature brains.

***Cintora***, 69 A.3d at 764. In rejecting the argument, we concluded that "[a] contention that a newly-recognized constitutional right ***should*** be extended to others does not render their petition timely pursuant to [S]ection 9545(b)(1)(iii)." ***Id.*** (emphasis added). Thus, as in ***Cintora***, Appellant's

- 6 -

claim that **Miller** applied to the case *sub judice* based on his mental development is without merit.[6]

Based on the foregoing, we conclude that the PCRA court did not err in concluding that Appellant's PCRA petition was untimely.[7]

Order affirmed. Application to Strike denied.

_____

[6] To the extent Appellant argues his mental illness qualifies as newly-discovered evidence exception to the PCRA's timeliness requirement, we reject this argument as baseless. As the PCRA court found, in his 1988 petition for collateral relief, Appellant "claimed that he was mentally incompetent at the time of crime and at sentencing and therefore his guilty plea was involuntary." PCRA Court Opinion, 2/4/14, at 5. Moreover, the PCRA court noted Appellant also raised the issue of his mental illness in his 1995 petition for collateral relief. *Id.* Despite knowledge of his mental illness, Appellant, however, did not invoke the newly-discovered evidence exception until February 3, 2010, well past the 60-day requirement under Section 9545(b)(2). Given the fact that Appellant was aware of his mental illness in 1988, and he did not invoke the newly-discovered evidence exception within 60 days, his newly-discovered evidence claim fails to satisfy the requirements of Section 9545(b)(1)(ii).

[7] On April 17, 2015, Appellant filed a thirty-five page "Application to Strike" the Commonwealth's brief, raising confusing and incoherent arguments. Appellant fails to make any cogent arguments for why we should strike the Commonwealth's brief. In fact, our review of the Commonwealth's brief does not indicate any deficiencies requiring us to strike the brief. Accordingly, we deny Appellant's Application to Strike the Commonwealth's brief.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/23/2015