J-S40045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ROBERT STEVEN THOMPSON, JR. | : | |
| | : | |
| Appellant | : | No. 354 EDA 2017 |

Appeal from the Judgment of Sentence October 29, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0003334-2014

BEFORE:   OTT, DUBOW, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY OTT, J.:                     **FILED JUNE 21, 2017**

Robert Steven Thompson, Jr.,[1] appeals, *nunc pro tunc*, from the judgment of sentence imposed on October 29, 2015, in the Court of Common Pleas of Delaware County following his conviction on charges of disorderly conduct, harassment and possession of marijuana.[2]  Thompson received an aggregate sentence of 90 days' incarceration and 32 hours of community service.  In this appeal, Thompson claims the trial court erred in denying his motion to suppress evidence regarding possession of marijuana

_____

[*] Former Justice specially assigned to the Superior Court.

[1] The certified record reflects that Thompson is also known as Minister Wali Akbar El.

[2] 18 Pa.C.S. §§ 5503(a)(1), 2709(a)(1), and 35 P.S. § 780-113(a)(31), respectively.

and that there was insufficient evidence to support his convictions of harassment and disorderly conduct. After thorough review of the submissions by the parties, the certified record, and relevant law, we are required to quash this appeal because the PCRA court lacked the jurisdiction to grant *nunc pro tunc* relief.

On January 17, 2017, the PCRA court granted Thompson *nunc pro tunc* permission to file his direct appeal.[3] This relief was granted pursuant to a petition filed on December 8, 2016, pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*.

The jurisdiction requirements for the PCRA are set forth at 42 Pa.C.S. § 9545, and state, in relevant part:

> **b) Time for filing petition.—**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

---

[3] On the same day, Thompson was sentenced to seven days' incarceration following a ***Gagnon II*** hearing. The imposition of sentence pursuant to a violation of parole or probation has no effect on the date a defendant's judgment of sentence becomes final. ***See Commonwealth v. Anderson***, 788 A.2d 1019 (Pa. Super. 2001). The delay in holding the ***Gagnon*** hearing was apparently due to Thompson absconding before completing any of his required community service.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

This time restriction is strictly enforced.

The PCRA requires that a petition seeking relief thereunder must be filed within one year of the date the petitioner's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Jones*, 617 Pa. 587, 54 A.3d 14, 16 (2012). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545. This timeliness requirement is jurisdictional in nature, and a court may not address the merits of any claim raised unless the petition was timely filed or the petitioner proves that one of the three exceptions to the timeliness requirement applies.

*Commonwealth v. Cox*, 146 A.3d 221, 227 (Pa. 2016).

As noted above, judgment of sentence in this matter was entered on October 29, 2015. Thompson did not file a direct appeal. Therefore, judgment of sentence became final on November 30, 2015, when the thirty days allowed to file his direct appeal expired.[4] *See* 42 Pa.C.S. § 9545(b)(3) ("For purposes of this subchapter, a judgment becomes final at the

_____

[4] November 28, 2015, was a Saturday. Therefore, Monday, November 30, 2015, is when his direct appeal rights expired.

conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.")  The PCRA clearly requires that any PCRA petition, including a second or subsequent petition, be filed within one year of the date a petitioner's judgment of sentence became final. Accordingly, Thompson was required to file his PCRA petition on or before November 30, 2016.[5]  However, the certified record reflects that Thompson did not file his PCRA petition, seeking *nunc pro tunc* relief, until December 8, 2016, one week past the one year deadline.  Thompson claimed no entitlement to any of the three exceptions to the one-year requirement.  In light of the fact that Thompson's PCRA petition was untimely, the PCRA court had no jurisdiction to grant Thompson *nunc pro tunc* relief.  Not only does the lack of jurisdiction render the PCRA court's order null and void, it, in turn, renders Thompson's appeal void.  "Where a court is without jurisdiction it is without power to act and thus, any order that it issues is null and void." *Commonwealth v. Morris*, 771 A.2d 721, 735 (Pa. 2001).

Appeal quashed.

_____

[5] This grants Thompson 366 days from the date his judgment of sentence became final, as 2016 was a leap year. *See Commonwealth v. Fenati*, 748 A.2d 205 (Pa. 2000).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/21/2017