J-S10010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KIMERLY JOYNES, | : | |
| | : | |
| Appellant | : | No. 765 EDA 2017 |

Appeal from the PCRA Order February 10, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0305341-1980

BEFORE:  BOWES, J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY BOWES, J.:                    **FILED MARCH 22, 2018**

Kimerly Joynes appeals from the February 10, 2017 order denying her serial PCRA petition.  We affirm.

On July 24, 1980, a jury convicted Appellant of first-degree murder and criminal conspiracy in relation to the beating death of James Martin.  In affirming the judgment of sentence, we recounted the relevant facts as follows:

> [Appellant] and her male companion, Robert Snead . . . , took offense at remarks made to [her] by the victim, James "Poke" Martin.  [Appellant] and Snead confronted Martin, and [Appellant] stood by while Snead beat Martin into unconsciousness. [Appellant] then stabbed Martin several times with  a carving fork. According to testimony by the medical examiner, these stab wounds were administ[e]red at or near the time of death, but did not cause or contribute to the death. [Appellant] then assisted Snead in wrapping the body in a bundle and in attempting to remove blood and other evidence of the beating from the room where it had taken place. The body

was deposited in a marshy area, where it was eventually discovered by police.

*Commonwealth v. Joynes*, 452 A.2d 1079 (Pa.Super. 1982) (unpublished memorandum at 1-2).

The trial court sentenced Appellant to life imprisonment, we affirmed the judgment of sentence, and the Supreme Court denied allowance of appeal on March 14, 1983. Appellant filed a petition under the Post-Conviction Hearing Act ("PCHA"), 42 Pa.C.S. §§ 9541-9551 (Repealed April 13, 1988). Counsel was appointed, and following a hearing, the PCHA court denied her petition. We affirmed the ordered denying PCHA relief, and our High Court denied allowance of appeal. *See Commonwealth v. Joynes*, 509 A.2d 1321 (Pa.Super. 1986).

Appellant filed the instant petition on October 21, 2016.[1] She did not assert any of the statutory exceptions to the PCRA time requirements. On February 10, 2017, after issuing notice pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed the petition as untimely and without exception to the time bar. This appeal followed.

Appellant claims that the PCRA court erred in dismissing her petition without a hearing. Our standard of review is well ensconced. We review an

---

[1] Appellant styled her petition as a notice of appeal from the January 13, 2016 order that denied her previous PCRA petition. However, the trial court deemed the October 2016 filing to be a serial PCRA petition because (1) the purported appeal was eight months overdue; and (2) Appellant asserted substantive arguments regarding counsel's ineffectiveness and the validity of the underlying convictions.

order dismissing a petition under the PCRA to determine whether the PCRA court's decision is supported by evidence of record and is free of legal error." **Commonwealth v. Weatherill**, 24 A.3d 435, 438 (Pa.Super. 2011) Further, "[i]n evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." **Id**.

Any petition for relief under the PCRA, including second or subsequent petitions, must be filed within one year of the date the PCRA petitioner's judgment of sentence becomes final unless the petitioner alleges and proves that an exception to the one-year time limitation is met. 42 Pa.C.S. § 9545. "The PCRA's time restrictions are jurisdictional in nature." **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006). "'[I]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" **Id**. (quoting **Commonwealth v. Lambert**, 884 A.2d 848, 851 (Pa. 2005)); **see also Commonwealth v. Murray**, 753 A.2d 201 (Pa. 2000). Instantly, Appellant's judgment of sentence became final on May 14, 1983, sixty days after our Supreme Court denied allowance of appeal.[2] As Appellant's judgment of sentence became

_____

[2] Pursuant to former U.S.Sup.Ct.R. 20, which governs the pertinent period, Appellant had sixty days to file a petition for writ of *certiorari* with the
*(Footnote Continued Next Page)*

- 3 -

final prior to the 1995 enactment of § 9545, she had until January 16, 1997 to file a timely PCRA petition so long as that petition was her first. **See Weatherill**, **supra** at 436 (citing **Commonwealth v. Fenati**, 748 A.2d 205 (Pa. 2000)) ("[T]here is an exception to § 9545 for a first PCRA petition filed by a defendant whose judgment of sentence became final prior to the 1995 amendments as long as the first PCRA petition is filed by January 16, 1997."). As the present serial petition was filed on October 21, 2016, it satisfied neither prong of the exception. It is patently untimely.

Nevertheless, § 9545 provides three exceptions to the requirement that a PCRA petition be filed within one year of finality of the judgment of sentence: 1) the failure to file the PCRA petition was the result of governmental interference; 2) discovery of previously unknown facts or evidence if the facts or evidence could not have been ascertained by due diligence; and 3) a newly-recognized constitutional right. 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Appellant did not invoke any of the statutory exceptions to the § 9545 time bar in her PCRA petition. Instead, she asserted that the issue of untimeliness was moot because the PCRA time bar did not apply to her 1980 conviction, which preceded the 1995 enactment of the PCRA. Appellant also

*(Footnote Continued)* ————————————

Supreme Court of the United States. The current rule, U.S.Sup.Ct.R. 13, effective January 1, 1990, grants petitioners ninety days to petition for *certiorari*.

- 4 -

raised a litany of claims challenging the effectiveness of trial counsel. Appellant abandoned her mootness argument on appeal by failing to develop any argument or cite legal authority in support of her position. *In re S.T.S., Jr.*, 76 A.3d 24, 42 (Pa.Super. 2013) ("mere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of a matter").

Moreover, the time requirements are not moot. As we discussed *supra*, the PCRA created a one-time exception to address scenarios where, as here, the judgment of sentence became final prior to the Act's effective date. Unfortunately for Appellant, her petition does not fall within that narrow exception. *See Weatherill*, *supra*.

As it relates to the argument that she actually levels, *i.e.*, that the time restrictions impinge her constitutional protections against the *ex post facto* laws, our Supreme Court has specifically rejected this position. ***Commonwealth v. Peterkin***, 722 A.2d 638, 643 n.8 (Pa. 1998) (time requirement is reasonable procedural restriction that does not fall within the purview of the *Ex Post Facto* clause of the United States Constitution).

Appellant neglected to plead facts that would establish the existence of an exception to § 9545. As we noted in ***Commonwealth v. Derrickson***, 923 A.2d 466 (Pa.Super. 2007), a petition must be dismissed where it is facially untimely and the PCRA petitioner failed to delineate in her petition facts supporting the existence of an exception to the one-year filing

- 5 -

requirement. Accordingly, the PCRA court did not err in dismissing Appellant's petition as untimely filed and without exception to the time requirements.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/22/18