J-S35021-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT YOUNG | |
| Appellant | No. 2983 EDA 2019 |

Appeal from the PCRA Order entered September 24, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0432331-1981

BEFORE: BOWES, J., STABILE, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:           **FILED OCTOBER 07, 2020**

Appellant, Robert Young, appeals from the September 24, 2019 order entered in the Court of Common Pleas of Philadelphia County denying his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. In addition, appointed counsel has filed a motion to withdraw pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Upon review, we grant counsel's motion to withdraw and affirm the PCRA court's order.

In its Rule 1925(a) opinion, the PCRA court explained:

Appellant was convicted before the Honorable Juanita Kidd Stout[1] following a jury trial of first-degree murder and other offenses on October 29, 1981. On June 9, 1982, Justice Stout imposed an aggregate sentence of life imprisonment on Appellant. These

---

[*] Retired Senior Judge assigned to the Superior Court.

> charges stemmed from an incident that occurred on January 27, 1981, during which Appellant and another man entered the home of Willie Smalls to commit a burglary. During the incident, Mr. Smalls was shot and killed. The incident was witnessed by fifteen-year old Carl Hankins, who knew the men prior to the incident. Mr. Hankins provided critical testimony against Appellant during the trial.
>
> Following the imposition of sentence, Appellant filed a direct appeal to the Superior Court and when the Superior Court affirmed the judgment of sentence on May 25, 1984, he filed a petition for allowance of appeal that the Supreme Court denied on October 19, 1984.
>
> [1]Justice Stout was thereafter appointed to the Pennsylvania Supreme Court.

PCRA Court Opinion, 1/16/20, at 1 (additional footnote omitted).

Although not mentioned by the PCRA court, by counsel, or by Appellant, the record reflects that Appellant filed a petition for collateral relief in June 1987 under the Post Conviction Hearing Act ("PCHA"), the PCRA's predecessor statute. Counsel was appointed and the PCHA court conducted a hearing on February 28, 1989. On March 1, 1989, the PCHA court dismissed the petition as frivolous and permitted counsel to withdraw. The record does not reflect any further action in relation to the PCHA petition.

In October 2013, Appellant filed the *pro se* PCRA petition that is at issue in this appeal. Because Appellant previously filed a PCHA petition, the instant petition is considered his second PCRA petition. *See Commonwealth v. Karnicolas*, 836 A.2d 940, 944-45 (Pa. Super. 2003) (citing *Commonwealth v. Lewis*, 718 A.2d 1262, 1263 (Pa. Super. 1998) (a PCHA petition is considered a first PCRA petition, unless the earlier petition served only to

reinstate direct appeal rights *nunc pro tunc*). In his current PCRA petition, Appellant asserted that witness Carl Hankins ("Hankins") recanted his trial testimony and implicated another person as the person who shot and killed Mr. Smalls. Appellant provided two recantation affidavits from Hankins and indicated Hankins was willing to testify that Appellant was not the shooter.

On August 6, 2014, the PCRA court issued a Rule 907 Notice of its intention to dismiss the petition. Counsel for Appellant entered his appearance on August 18, 2014, and requested that the court withdraw the Rule 907 Notice and grant a continuance. The docket reflects entry of an order on August 20, 2014 granting the request to withdraw the Rule 907 Notice.

On September 28, 2016, Appellant filed a counseled amended PCRA petition, contending the Hankins recantation affidavits constituted after-discovered evidence that satisfied an exception to the PCRA's one-year time bar and that the petition was filed within 60 days of the date the claim could have been presented. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii) and (2)[1]. Appellant argued an evidentiary hearing was warranted under **Commonwealth v. D'Amato**, 856 A.2d 806 (Pa. 2004).

In response, the PCRA court scheduled an evidentiary hearing, which was continued on several occasions and was ultimately scheduled for July 11, 2019. On that date, Appellant's counsel advised the court that Hankins was

---

[1] The provisions of Section 9545(b)(2) were subsequently amended, enlarging the 60-day period to one year.

not willing to testify and that the defense had no evidence to present in support of the PCRA petition.

On July 18, 2019, the court issued a Rule 907 Notice of its intent to dismiss the petition. Appellant filed a *pro se* response on July 30, 2019. Appellant requested that his petition not be dismissed "for the following legal [*sic*] binding reasons: The serving of an illegal sentence and a deficient Rule § 907 notice." *Pro Se* Response to Rule 907 Notice at 1.

Regarding the claim of illegal sentence, we note that while a petitioner may raise claims of PCRA counsel ineffectiveness in response to a Rule 907 Notice, "[t]his does not mean that a defendant may raise entirely new claims that he could have presented prior to his response to the notice of intent to dismiss." **Commonwealth v. Rykard**, 55 A.3d 1177, 1189 n.8 (Pa. Super. 2012). A legality of sentence claim could have been raised prior to Appellant's response to the Rule 907 Notice. Moreover, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999). Appellant's claim stems from a conviction that pre-dated the January 16, 1996 effective date of amendments to the PCRA. At the latest, the deadline for his claim was January 16, 1997. **Commonwealth v. Fenati**, 748 A.2d 205, 207 (Pa. 2000) (allowing petitioner whose judgment of sentence became final before January 16, 1996 until January 16, 1997 to file a first PCRA petition). Appellant's claim is

patently untimely and he has neither pleaded nor proven any exception to the statute's timeliness requirements. The PCRA court lacked jurisdiction over a claim of illegal sentence.

With regard to Appellant's assertion of a deficiency in the Rule 907 Notice, the PCRA court explained:

> This claim lacks merit because the [notice] this court provided to Appellant clearly advised him that his newly-discovered evidence issue lacked merit, which it did because the alleged witness failed to appear for the scheduled evidentiary hearing. In addition, PCRA counsel sent Appellant a letter dated July 12, 2019 . . . advis[ing] him that his witness failed to appear thereby letting Appellant know that he could not obtain relief on his newly-discovered evidence claim because it could not be proved. Therefore, the 907 Notice was not defective and PCRA counsel was not ineffective.

PCRA Court Opinion, 1/16/20, at 7.

Having rejected Appellant's contentions regarding the Rule 907 Notice, the PCRA court dismissed the petition without a hearing on September 24, 2019. This timely appeal followed. In the interim, the court granted counsel's petition to withdraw and appointed new counsel for the appeal.[2] Both the PCRA court and newly-appointed counsel complied with Pa.R.A.P. 1925, with counsel filing a statement in accordance with Pa.R.A.P. 1925(c)(4), advising

---

[2] The PCRA court noted that Appellant could not afford counsel and that he was entitled to counsel on appeal from his first PCRA petition. PCRA Opinion, 1/16/20, at 2. It appears the court was unaware of Appellant's 1987 PCHA petition.

the court of his intent to file a *Finley* no-merit letter in lieu of a Rule 1925(b) statement.

Counsel filed a *Finley* letter brief with this Court, explaining that Appellant's proposed recantation witness refused to appear for a hearing, leading to the PCRA court's dismissal of Appellant's petition. Counsel presented two additional issues for our review, both of which were identified in his Rule 1925(c)(4) statement:

1. Appellant's six charging documents that he has previously filed with the court related to another Robert Young and not to Appellant, the assigned homicide detective and/or prosecutor changed the date of birth of the other Robert Young to match Appellant, and Appellant was never informed of the two Robert Youngs in the case rendering it impossible for Appellant to place the blame elsewhere in violation of Appellant's state and federal constitutional rights.

2. The PCRA court erred in not fully considering Appellant's response to 907 Notice and in dismissing Appellant's PCRA petition when Appellant raised all claims of merit in the 907 response that PCRA counsel had failed to raise before the PCRA court.

Letter Brief at 3, 6.

As this Court reiterated in *Commonwealth v. Maddrey*, 205 A.3d 323 (Pa. Super. 2019):

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion.

*Id.* at 327 (quoting *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015) (internal citations and quotations marks omitted)).

Before we may consider the merits of Appellant's issues, we must address whether counsel has met the *Finley* requirements for withdrawing as PCRA counsel. For PCRA counsel to withdraw under *Finley* in this Court:

> (1)    PCRA counsel must file a no-merit letter that details the nature and extent of counsel's review of the record; lists the appellate issues; and explains why those issues are meritless.
>
> (2)    PCRA counsel must file an application to withdraw; serve the PCRA petitioner with the application and the no-merit letter; and advise the petitioner that if the Court grants the motion to withdraw, the petitioner can proceed *pro se* or hire his own lawyer.
>
> (3)    This Court must independently review the record and agree that the appeal is meritless.

*See Commonwealth v. Widgins*, 29 A.3d 816, 817-18 (Pa. Super. 2011) (citing or quoting *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), *Finley*, *Commonwealth v. Pitts*, 981 A.2d 875 (Pa. 2009), and *Commonwealth v. Friend*, 896 A.2d 607 (Pa. Super. 2008), *overruled in part by* *Pitts*).

We find that PCRA counsel has complied with the *Finley* requirements. PCRA counsel filed an application to withdraw and a *Finley* no-merit letter brief, explaining that his review led him to conclude that Appellant's PCRA issues were untimely and could not be substantiated at an evidentiary hearing. *Finley* Letter Brief, 2/18/20, at 1. Finally, PCRA counsel informed Appellant

of his right to hire a new lawyer or file a *pro se* response. We now address whether this appeal is indeed meritless.

Addressing Appellant's first issue, in which he challenged his charging documents, the PCRA court determined no relief should be granted "because Appellant did not raise this claim in any of the filings reviewed by this court. Issues not raised before the lower court are waived and cannot be raised for the first time on appeal, pursuant to Pa.R.A.P. 302(a)." PCRA Court Opinion, 1/16/20, at 3-4 (citations and some capitalization omitted). Further, Appellant's claim could have been raised earlier but was not, resulting in waiver. *Id.* at 4 (citing 42 Pa.C.S.A. § 9544(b)). Moreover, the claim was time-barred and Appellant did not plead and prove any exception to the PCRA's timeliness requirements. *Id.* at 4-5.

We conclude that the PCRA court's findings of fact are supported by the record and that the court's conclusions are free from legal error. The only issue presented in Appellant's amended PCRA petition related to recantation testimony. Appellant cannot raise an issue of defects in his charging documents based on "two Robert Youngs" for the first time on appeal. Any issue involving the identification of Appellant in charging documents could have been raised before trial, at trial, during unitary review, on appeal, or in his PCHA petition. The issue is waived. Further, as noted above, Appellant's claim stems from a conviction that pre-dated the 1996 amendments to the PCRA and was subject to a deadline of January 16, 1997. His claim is patently

untimely and, again, he has neither pleaded nor proven any exception to the statute's timeliness requirements. Appellant's first issue fails.

The PCRA court likewise rejected Appellant's second claim, first proposing the claim should be deemed waived for lack of specificity. In that claim, Appellant asserted PCRA counsel failed to raise issues that Appellant argued in his response to the PCRA court's Rule 907 Notice. As indicated above, the PCRA court concluded Appellant's claim lacked merit because the Rule 907 Notice clearly advised Appellant that Hankins' failure to testify defeated the after-discovered evidence claim, as counsel explained in a letter to Appellant dated July 12, 2019. Therefore, even if Appellant's second claim were not rejected for lack of specificity, the Rule 907 Notice was not defective and PCRA counsel was not ineffective. **See** PCRA Court Opinion, 1/16/20 at 7.

We note that Appellant filed with this Court a response to counsel's **Finley** letter brief and motion to withdraw. In his response, Appellant asserted counsel's filings failed to raise eleven new claims, ranging from illegal sentence to prosecutorial fraud to the lack of a second eyewitness to first-degree murder. None of these claims were raised in Appellant's *pro se* PCRA petition or in his amended petition. The sole claim raised by Appellant related to Hankins' recantation testimony. For the reasons explained above, the PCRA court properly dismissed Appellant's petition in light of Hankins' failure to testify. Further, Appellant did not assert any claims in his response to the

- 9 -

Rule 907 Notice that would entitle him to relief. Finally, the issues raised in the **Finley** letter brief do not afford any basis for relief and Appellant's response to that brief does nothing more than assert new time-barred claims over which this Court lacks jurisdiction under the PCRA.

We conclude Appellant's appeal is meritless. Therefore, we affirm the PCRA court's September 24, 2019 order dismissing Appellant's petition.

Counsel's motion to withdraw granted. Order affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date: 10/7/2020*