J-S13044-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
SHAUVIN MCFARLIN, SR. :
:
Appellant : No. 1484 MDA 2024

Appeal from the PCRA Order Entered March 24, 2023
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0002646-2001

BEFORE: PANELLA, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.: **FILED: AUGUST 13, 2025**

Appellant Shauvin McFarlin, Sr. appeals *pro se* from the order dismissing Appellant's untimely Post Conviction Relief Act[1] (PCRA) petition without a hearing. Appellant argues that he met the newly-discovered fact exception to the PCRA time bar. We affirm.

The underlying facts of this matter are well known to the parties. Briefly, in 2001, Appellant was charged with first-degree murder and other offenses related to the shooting death of Appellant's girlfriend. At trial, the Commonwealth presented multiple witnesses, including Larry Veney, who had been incarcerated with Appellant prior to trial. Veney testified that while helping Appellant with legal research in the prison library, Appellant had confessed to the shooting. Ultimately, Appellant was convicted of first-degree

_____

[1] 42 Pa.C.S. §§ 9541-9546.

murder and other related offenses. On April 10, 2002, the trial court sentenced Appellant to life in prison. On appeal, this Court affirmed Appellant's judgment of sentence and our Supreme Court denied further review. *See Commonwealth v. McFarlin*, 862 MDA 2002, 844 A.2d 1284 (Pa. Super. 2003) (unpublished mem.), *appeal denied*, 59 MAL 2004, 851 A.2d 142 (Pa. 2004).

Appellant subsequently filed a timely PCRA petition, which was later dismissed. On appeal, this Court affirmed and our Supreme Court denied further review. *See Commonwealth v. McFarlin*, 181 MDA 2009, 988 A.2d 724 (Pa. Super. 2009) (unpublished mem.), *appeal denied,* 986 MAL 2009, 995 A.2d 352 (Pa. 2010). Appellant filed a second PCRA petition in 2015, which was ultimately unsuccessful. *See Commonwealth v. McFarlin*, 184 MDA 2018, 2018 WL 6786647, (Pa. Super. filed Jan 26, 2018) (unpublished mem.).

On September 2, 2022, Appellant filed a counseled PCRA petition, his third. Therein, Appellant argued that he met the newly-discovered fact exception to the PCRA time bar. Specifically, Appellant provided an affidavit from Cisco Ortiz, who was in the Berks County jail with Appellant and Veney in January 2001. Ortiz stated in his affidavit that Appellant never had contact with Veney while they were incarcerated; therefore, Appellant claimed that Veney "lied . . . in his trial testimony that [Appellant] confessed" to Veney in 2001 because they "could not have had contact with each other." PCRA Pet., 9/2/22, at ¶¶ 42-44.

- 2 -

On March 1, 2023 the PCRA court issued a Pa.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing. Appellant did not file a response. The PCRA court subsequently dismissed Appellant's petition on March 24, 2023.

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. In lieu of a Rule 1925(a) opinion, the PCRA court issued a statement adopting the reasons set forth in its Rule 907 notice. *See* PCRA Ct. Stmt., 5/24/23.

On appeal, Appellant raises the following issue, which we set forth verbatim:

> Did the PCRA court err in denying [Appellant's] PCRA petition as untimely filed without conducting an evidentiary hearing on the newly discovered evidence that were unknown to [Appellant] and could not be ascertained by the exercise of due diligence. When [Appellant] established in his PCRA petition that he received a signed affidavit from witness within (1) year of the date. The exception could have been asserted where the newly discovered evidence establishes the false testimony of the suspected jail house informant Larry Veney, who the Commonwealth presented as the only evidence demonstrating the specific intent to kill necessary for the conviction of murder in the first degree?

Appellant's Brief at 4.

In reviewing an order denying a PCRA petition, our standard of review is well settled:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we

- 3 -

apply a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

The timeliness of a PCRA petition is a threshold jurisdictional question. ***See Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014); ***see also Commonwealth v. Ballance***, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition"). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." ***Commonwealth v. Jones***, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. ***See id.*** at 17.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the petitioner pleads and proves one of the following three statutory exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. **See** 42 Pa.C.S. § 9545(b)(2).[2] It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." **Commonwealth v. Albrecht**, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered).

The PCRA court addressed Appellant's claim as follows:

Here, there is no question that [Appellant] filed the current PCRA petition outside of the time requirements of the PCRA. [Appellant's] judgment became final on August 23, 2004 — ninety (90) days after the Pennsylvania Supreme Court denied allowance of appeal. [42 Pa.C.S. § 9545(b)(3)]; **Commonwealth v. Fenati**, 748 A.2d 205 (Pa. 2000). The instant petition, filed on September 2, 2022, over eighteen years after his judgment became final, is manifestly untimely.

\* \* \*

Instantly, [Appellant] has completely failed to prove that any of the [] statutory exceptions apply to his current petition. Accordingly, the petition must be dismissed without a hearing "because Pennsylvania courts are without jurisdiction to consider the merits of the petition." **Commonwealth v. Perrin**, 947 A.2d 1284, 1285 (Pa. Super. 2008); **Commonwealth v. Carr**, 768

_____

[2] On October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a petition from sixty days to one year from the date the claim could have been presented. **See** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter.

A.2d 1164, 1167 (Pa. Super. 2001) ("Given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits") (citation omitted).

\* \* \*

[Appellant] attempts to invoke the "newly discovered fact" timeliness exception by relying on the alleged statement [from] Ortiz. Ortiz avers that he was in the Berks County jail with [Appellant] and Larry Veney in January 2001. [Appellant] contends that, contrary to Veney's trial testimony, Veney and [Appellant] never spoke or encountered each other while they were in the jail. [Appellant] explains that this would have been impossible because he was in the "100" cells and had no access to the "200" cells where Veney was housed. [Appellant] argues that Veney "lied . . . in his trial testimony that [Appellant] confessed" to Veney because they "could not have had contact with each other." **See** PCRA Pet. at ¶¶ 42-44.

This court finds that [Appellant's] claim regarding the potential testimony of Ortiz raises no valid timeliness exception because the allegedly "new facts" could not have been "unknown" to [Appellant] as required by 42 Pa.C.S. § 9545(b)(1)(ii) ("the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence"). It is clear to this court that [Appellant] would have certainly known the fact that he never met or talked to Veney while in the jail. Indeed, in his averment at ¶ 33(a), [Appellant] indicates that he told his trial counsel that he "never spoke with Larry Veney." Notably, [Appellant] does not claim this alleged fact was unknown to him, but rather that he only recently discovered Ortiz would attest to it. This assertion weakens [Appellant's] argument because Ortiz, therefore, does not provide any new facts, but rather is only a new source for previously known facts. It is well settled that this does not satisfy the exception as stated in 42 Pa.C.S. § 9545(b)(1)(ii). **Commonwealth v. Edmiston**, 65 A.3d 339, 352 (Pa. 2013) (exception does not include "facts that were previously known but are now presented through a newly discovered source"); **Commonwealth v. Marshall**, 947 A.2d 714, 720 (Pa. 2008) (stating that "[t]he focus of the exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts).

- 6 -

> To the extent the alleged new evidence is Ortiz's assertion that [Appellant] and Veney did not converse because inmates of "100" and "200" cells could not meet, [Appellant] would have known that by being in the jail. It is not a new fact, and it was not "unknown" as required by 42 Pa.C.S. § 9545(b)(1)(ii). Indeed, [Appellant] never claims he did not know it.
>
> \* \* \*
>
> But if, as [Appellant] claims, he never talked to Veney, [Appellant] would have known that. He therefore could readily have found supporting evidence, such as his assertion that he and Veney were in mutually inaccessible parts of the jail. *See* PCRA Pet. at ¶ 44; ***Commonwealth v. Padillas***, 997 A.2d 356, 364 (Pa. Super. 2010) ("a defendant who fails to question or investigate an obvious, available source of information, cannot later claim evidence from that source constitutes newly discovered evidence").

PCRA Ct. 907 Notice, 3/1/23, at 5-8 (some formatting altered).

Here, it is undisputed that Appellant's instant petition is facially untimely, as it was filed more than eighteen years after his sentence became final. *See* 42 Pa.C.S. § 9545(b)(1). Therefore, Appellant was required to establish an exception to the PCRA time bar.

Further, as noted by the PCRA court, Appellant would have been aware that he never confessed to Veney at the time that Veney testified to the contrary at Appellant's 2002 trial. Therefore, the information from Ortiz does not contain any "new" facts to support Appellant's newly-discovered fact claim and is merely an additional source for a previously known fact. ***See Marshall***, 947 A.2d at 720 (stating that "[t]he focus of the exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts). For these reasons, we conclude that Appellant's

- 7 -

petition is untimely and that he failed to establish an exception to the PCRA time bar. *See Albrecht*, 994 A.2d at 1094; *see also* 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Accordingly, we affirm.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 08/13/2025