J-S37045-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALVIN GEORGE WHITE, JR. | : | |
| | : | |
| Appellant | : | No. 1607 EDA 2023 |

Appeal from the PCRA Order Entered May 12, 2023
In the Court of Common Pleas of Chester County
Criminal Division at CP-15-CR-000384-2017

BEFORE:  BENDER, P.J.E., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY MURRAY, J.:　　　　　　　　**FILED NOVEMBER 20, 2023**

Alvin George White, Jr. (Appellant), appeals *pro se* from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court summarized the following case history:

> On January 4, 2017, the Caln Township Police Department of Chester County received a report of a robbery that had occurred that morning.  The victim reported the robbery was initiated at the Wawa store located on Lincoln Highway and concluded at the Citadel FCU located on Bailey Road.  …
>
> Upon [police] completing an investigation, Appellant was charged with three counts of Robbery, one count of Kidnapping, and additional related misdemeanor charges.  Susanna Dewese, Esquire, from the Chester County Public Defender's Office, entered her appearance [for Appellant] on February 14, 2017.  Several continuances of trial were granted.  Trial commenced on September 24, 2017[,] and concluded on September 27, 2017[.]  Ms. Dewese sat as stand-by counsel because Appellant decided to proceed *pro se* immediately prior to trial.

Appellant was found guilty on three counts of Robbery, Kidnapping, False Imprisonment, Simple Assault, Terroristic Threats, and Theft by Unlawful Taking or Disposition. Prior to sentencing, Appellant made a request for new defense counsel. Thomas P. McCabe, Esquire[,] was appointed [as] conflict counsel. Mr. McCabe filed a Post Trial Motion for New Trial on November 27, 2017. The court denied the motion on December 4, 2017. On June 11, 2018, Appellant was sentenced to 10 to 20 years of state incarceration. Appellant also received a copy of "Defendant's Acknowledgment of Post-Sentencing Procedures Following Trial" in open court.

Appellant filed a timely Notice of Appeal on June 28, 2018. The Superior Court affirmed Appellant's conviction on May 1, 2019. Appellant filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court on May 29, 2019. The petition was denied on November 6, 2019. No further appeal was taken. Appellant's sentence became final on February 5, 2020, 90 days from the denial of his allowance of appeal to the Pennsylvania Supreme Court. *Commonwealth v. Gandy*, 38 A.3d 899 (Pa. Super. 2012); U.S.Sup.Ct. Rule 13.

Appellant filed a timely 1st PCRA Petition on November 22, 2019. PCRA counsel was appointed on December 4, 2019. Several extensions of time to file an amended PCRA Petition or a petition for leave to withdraw as counsel were filed by PCRA Counsel and granted by the court due to the impact of COVID-19. On January 27, 2021, PCRA counsel sought leave to withdraw as PCRA counsel[,] stating that he found no meritorious claims. On April 21, 2021, the court forwarded to Appellant its notice of [intent to] dismiss[] pursuant to Pa.R.Crim.P. 907. On May 10, 2021, Appellant requested an extension [of time] to file objections. The court granted the extension by order on May 16, 2021. Appellant filed timely objections on June 11, 2021. After additional review of the record and Appellant's objections, the court continued to find no merit and dismissed Appellant's 1st PCRA Petition on September 29, 2021. A timely Notice of Appeal was filed on October 21, 2021, and the court issued its Pa.R.A.P. 1925(b) Order on October 29, 2021. On November 16, 2021, Appellant requested an additional 15 days to file his Concise Statement. His request was granted, and Appellant filed a timely Concise Statement setting forth 13 errors. The Superior Court affirmed the dismissal of Appellant's 1st PCRA Petition on July 27, 2022. …

PCRA Court Opinion, 8/3/23, at 1-3 (unnumbered, footnotes omitted).

Appellant *pro se* filed the instant PCRA petition, his second, on March 10, 2023. On April 3, 2023, the PCRA court issued notice of intent to dismiss the petition pursuant to Pa.R.Crim.P. 907. Appellant filed a response on April 18, 2023. The PCRA court then dismissed Appellant's the petition, stating that it "continue[d] to find [Appellant] failed to meet his burden to show his untimely filing is excused." Order, 5/12/23, at 2. Appellant filed a timely notice of appeal and concise statement pursuant to Pa.R.A.P. 1925(b). The PCRA court filed an opinion on August 3, 2023.

Appellant presents the following questions for review:

1.) Whether the [PCRA] court committed reversible error in denying Appellant's request for a second PCRA is a miscarriage of justice when the law applicable to Appellant's PCRA has not been interpreted or adequately applied by this court?

2.) Whether the [PCRA] court erroneously denied Appellant's second PCRA petition request since the court has erred and miscalculated Appellant's time?

3.) Whether it was manifest error by the [c]ourt who failed to take into account Appellant's time to seek review and the time that the Court granted due to the impact of Covid-19[1] and also all other times that he was in court where his time stopped?

Appellant's Brief at 3 (footnote added).

---

[1] This is Appellant's only reference to "the impact of Covid-19"; he does not mention Covid-19 in his argument. *See* Appellant's Brief at 6-10.

In reviewing Appellant's issues, we examine "whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citation omitted). Pursuant to Pa.R.Crim.P. 907, the PCRA court has discretion to dismiss a PCRA petition without a hearing if the court is satisfied there are no genuine issues of material fact; the defendant is not entitled to post-conviction collateral relief; and no legitimate purpose would be served by further proceedings. *Commonwealth v. Brown*, 161 A.3d 960, 964 (Pa. Super. 2017).

In his three related issues, Appellant claims the PCRA court erred in dismissing his second PRCA petition as untimely. The law in this regard is settled. The PCRA requires Appellant's petition to be filed within one year of his judgment of sentence becoming final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction. *Commonwealth v. Wharton*, 886 A.2d 1120, 1124 (Pa. 2005); *see also Commonwealth v. Callahan*, 101 A.3d 118, 121 (Pa. Super. 2014) (courts do not have jurisdiction over an untimely PCRA petition). "Without jurisdiction, we simply do not have the legal authority to address the

substantive claims." ***Commonwealth v. Lewis***, 63 A.3d 1274, 1281 (Pa. Super. 2013).

There are three statutory exceptions to the PCRA's timeliness requirement. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)–(iii). A petitioner may qualify for an exception to the one-year filing requirement if he pleads and proves

> (i) the failure to raise the claim previously was the result of interference by government officials …; (ii) the facts upon which the claim is predicated were unknown … and could not have been ascertained by the exercise of due diligence; or (iii) the right asserted is a constitutional right … held … to apply retroactively.

***Id.***

Appellant does not reference the statutory exceptions. Rather, Appellant asserts he

> does not need to prove an exception to the timeliness requirement of the PCRA statute because his 2nd Petition was timely filed. Appellant is not time barred. He filed the 2nd Petition within one (1) year of February 15, 2023.[2]
>
> However, if the Court does not conclude that February 15, 2023, was the proper beginning date of the one-year deadline, the Court should take into account the time that should be deducted from the one-year period, to wit:
>
> From June 11, 2018 to June 28, 2018 (17 days); May 1, 2019 to May 29, 2019 (28 days); November 6, 2019 to November 22, 2019 (16 days); September 29 to October 21, 2021 (22 days); July 27, 2022 to August 15, 2022 (19 days); and February 15, 2023 to March 10, 2023 (23) days. This is a total of only 125

---

[2] February 15, 2023, is the date the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal from this Court's decision affirming the denial of Appellant's first PCRA petition. ***See Commonwealth v. White***, 292 A.3d 840 (Pa. 2023).

days, thus also making Appellant's 2nd/current PCRA petition timely.

The trial court failed to take into account Appellant's time to seek review through his first direct appeal, his 1st PCRA petition, and all other times, when Appellant was in court where his time stopped and the deadline tolled.

Appellant's Brief at 9 (footnote added).

Appellant claims his "time to file a 2nd PCRA petition never lapsed at any point throughout this entire case" because he "could not file a 2nd PCRA petition until February 15, 2023, the date the judgment became final." *Id.* He reasons:

The [PCRA] court has misled the appellate court with incorrect dates on page 3 of its 1925(a) opinion. The [PCRA c]ourt said Appellant's present 2nd PCRA petition was filed on May 20, 2023. That is error. Appellant filed his 2nd PCRA petition on March 10, 2023. (*See* Docketing Statement.)

The [PCRA] court states that Appellant took no further appeal from the July 27, 2022 dismissal of his 1st PCRA petition. That is error. Appellant appealed to the PA Supreme Court on August 15, 2022. The PA Supreme Court affirmed the dismissal of the 1st PCRA petition on February 15, 2023.

Appellant filed the 2nd PCRA petition on March 10, 2023, alleging the ineffectiveness of his PCRA counsel. He did not duplicate the issues of his 1st PCRA. Because Appellant filed his 2nd PCRA petition within one (1) year of February 15, 2023, the 2nd PCRA petition is timely. The [PCRA] court erred in dismissing it. Dismissal would have been proper if Appellant's 2nd PCRA petition raised the ineffectiveness of trial counsel. This is not the case. Appellant could only allege the ineffectiveness of his 1st PCRA counsel and file a 2nd PCRA petition once the 1st PCRA petition had been concluded on February 15, 2023.

*Id.* at 8.

Appellant's argument is factually correct, but legally wrong. In its opinion, the PCRA court incorrectly states that Appellant filed his second PCRA petition "on May 20, 2023." *See* PCRA Court Opinion, 8/3/23, at 3 (unnumbered). The trial court record and docket confirm that Appellant filed his second PCRA petition on March 10, 2023. In addition, the PCRA court erroneously states that after this Court "affirmed the dismissal of Appellant's 1st PCRA Petition on July 27, 2022[, n]o further appeal was taken." *Id.* As Appellant observes, he filed a petition for allowance of appeal with the Pennsylvania Supreme Court after this Court affirmed the dismissal of his first PCRA petition. *See Commonwealth v. White*, 283 A.3d 399 (Pa. Super. 2022), *appeal denied*, 292 A.3d 840 (Pa. 2023). Appellant's argument is flawed.[3]

Appellant claims he "could only allege the ineffectiveness of his 1st PCRA counsel and file a 2nd PCRA petition once the first PCRA had been concluded on February 15, 2023." Appellant's Brief at 8. The latter part of this assertion is correct. We have explained:

> Pennsylvania law makes clear: "**[W]hen an appellant's PCRA appeal is pending before a court,** a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA

---

[3] This Court has stated repeatedly that "*pro se* status confers no special benefit upon [an] appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." *In re Ullman*, 995 A.2d 1207, 1211–12 (Pa. Super. 2010) (citations omitted).

petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." *Commonwealth v. Lark*, 560 Pa. 487, 493, 746 A.2d 585, 588 (2000) (emphasis added). Significantly, our Supreme Court has stated: "*Lark* holds only that a PCRA trial court cannot entertain a new PCRA petition when a prior petition is still under review **on appeal**...." *Commonwealth v. Porter*, 613 Pa. 510, 527, 35 A.3d 4, 14 (2012) (explaining *Lark* does not address PCRA court's authority where **no appeal is pending**). ...

*Commonwealth v. Zeigler*, 148 A.3d 849, 852 (Pa. Super. 2016) (emphasis in original, citations omitted).

Appellant could not file a second PCRA petition before February 15, 2023, when the Pennsylvania Supreme Court denied his petition for allowance of appeal from this Court's affirmance of the dismissal of his first PCRA petition. However, Appellant misapprehends the law in claiming he could only allege the ineffectiveness of PCRA counsel in his second PCRA petition, and "[b]ecause Appellant filed his 2nd PCRA petition within one (1) year of February 15, 2023, the 2nd PCRA petition is timely." Appellant's Brief at 8.

Appellant relies on two cases to support his argument. He cites *Commonwealth v. Fenati*, 748 A.2d 205, 206 (Pa. 2000), where the Pennsylvania Supreme Court concluded the definition of a year for determining a PCRA petition's timeliness included the 366th day of a leap year. Appellant also cites *Commonwealth v. Owens*, 718 A.2d 330, 331 (Pa. Super. 1998), where this Court concluded the PCRA court had erred by miscalculating the appellant's time for filing a PCRA petition by failing to "take into account

- 8 -

appellant's time to seek review from the United States Supreme Court." Neither case is on point.

Although Appellant does not cite **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), he implies that he has raised the ineffectiveness of PCRA counsel "at the first opportunity to do so" in his second PCRA petition. **Id.** at 401; **see also** Appellant's Brief at 8 (claiming Appellant "could only allege the ineffectiveness of his 1st PCRA counsel and file a 2nd PCRA petition once the 1st PCRA petition had been concluded on February 15, 2023.").

Notably, Appellant's counsel in his first PCRA action submitted a **Turner**/**Finley**[4] "no-merit" letter and petition to withdraw in the PCRA court. The PCRA court granted counsel's request to withdraw on September 29, 2021, when it dismissed Appellant's first PCRA petition. **See Commonwealth v. White**, No. 2222 EDA 2021, 2022 WL 2965591, at *1 (Pa. Super. 2022) (non-precedential memorandum). Thus, when Appellant appealed *pro se* from the denial of his first PCRA petition, he had the opportunity to raise first PCRA counsel's ineffectiveness. **See id.** at 1-2 (discussing Appellant's ineffectiveness claims pertaining to Appellant's pre-trial and appellate counsel).

This Court, in discussing **Bradley**, has explained,

---

[4] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

our Supreme Court extended the opportunity for a PCRA petitioner to raise claims of PCRA counsel's ineffectiveness. Previously, "the sole method by which a petitioner c[ould] challenge the ineffectiveness of his PCRA counsel [wa]s through the filing of a response to the PCRA court's Rule 907 dismissal notice." **Bradley**, 261 A.3d at 386. The **Bradley** Court abandoned that approach, holding "that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." **Id.** at 401.

**Commonwealth v. Ruiz-Figueroa**, No. 1531 EDA 2022, 2023 WL 4115626, at *2 (Pa. Super. 2023) (non-precedential memorandum).[5]

Nonetheless, **Bradley** "does not create an exception to the PCRA's jurisdictional time-bar." **Commonwealth v. Stahl**, 292 A.3d 1130, 1136 (Pa. Super. 2023). This Court "has continually declined to extend the holding of **Bradley** to cases involving untimely petitions." **Id.** We also opined that **Bradley** "did not assert a new constitutional right which applies retroactively." **Commonwealth v. Salmond**, 2023 WL 5447700, at *6 (Pa. Super. Aug. 24, 2023) (non-precedential memorandum).

Consistent with the above authority and our review of the record, we conclude that Appellant has failed to overcome the PCRA's timeliness requirement. The PCRA court and Commonwealth correctly observe that Appellant's judgment of sentence became final on "February 5, 2020, 90 days from the denial of his allowance of appeal to the Pennsylvania Supreme Court

---

[5] Pursuant to Pa.R.A.P. 126(b), unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for persuasive value.

to review his direct appeal." Commonwealth Brief at 13 (citing U.S.Sup.Ct.

Rule 13 (providing a petition for writ of *certiorari* must be filed within 90 days

of the Pennsylvania Supreme Court denying allowance of appeal)); ***see also***

PCRA Court Opinion at 2, 5. The PCRA court correctly explained that Appellant

filed his second PCRA petition

> approximately three years … late, and [thus the PCRA court] determined [it] lacked jurisdiction to review [Appellant's] requests for relief as a result of his failure to show his present petition was filed within one year of discovering: (1) interference by government officials, (2) facts unknown at the time and not discoverable by due diligence, or (3) a newly recognized constitutional right.
>
> ***
>
> Appellant admits he does not set forth any facts to support any of the permissible exceptions to a late filing. He argues that he has no burden to do so because his filing is not late, because the PCRA court interpreted the law erroneously and miscalculated the time. His position is that the one-year period to file a PCRA petition has not yet begun.
>
> ***
>
> … [Appellant's judgment of sentence became final on] February 5, 2020, 90 days after the Pennsylvania Supreme Court denied review. The ***Fenati*** case [cited by Appellant] is not applicable in this matter as it addresses the need to consider the impact a leap year has on the calculation of the one-year period when the filing is made on the 366th day. There is no leap year issue in this case. … Appellant's arguments have no merit, and [we] find no errors in our dismissal of Appellant's 2nd PCRA because it was untimely.

PCRA Court Opinion, 8/3/23, at 3-5 (unnumbered, citation, and footnotes

omitted).

Our review confirms that Appellant's second PCRA petition is untimely, and Appellant failed to establish a statutory exception to the timeliness requirement. As the PCRA court properly applied the law to the relevant facts, we discern no abuse of discretion. Accordingly, we affirm the order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/20/2023