J-S05023-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BOBBY K. WILLIAMSON | : | |
| | : | |
| Appellant | : | No. 826 EDA 2025 |

Appeal from the PCRA Order Entered February 24, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0806431-1990

BEFORE:   PANELLA, P.J.E., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY KING, J.:                          **FILED APRIL 24, 2026**

Appellant, Bobby K. Williamson, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his serial petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

A prior panel of this Court summarized some of the relevant facts and procedural history of this case as follows:

> On February 27, 1992, a jury convicted Appellant of first degree murder, criminal conspiracy, possessing an instrument of crime and recklessly endangering another person.  The jury based these convictions on testimony that Appellant approached James Pride and Helen Thompson [McFarland] outside of a Philadelphia nightclub and shot Mr. Pride seven times.  Mr. Pride died as a result of his injuries. … On March 29, 1994, the trial court sentenced Appellant to a term of life imprisonment on the murder conviction and

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

a concurrent thirty to sixty month term of imprisonment for possessing an instrument of crime.  The trial court imposed no further penalty on the remaining convictions.  On April 6, 1994, Appellant filed a timely notice of appeal from his judgment of sentence, and the trial court directed Appellant to file a [concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b)] on May 11, 1994.  Appellant did not comply with this order.  Appellant also failed to file an appellate brief.  Therefore, on January 12, 1995, [this] Court dismissed his appeal without prejudice to his rights under the PCRA.

On March 24, 1997, Appellant filed his first PCRA petition with the PCRA court. …  On April 18, 1997, the PCRA court dismissed Appellant's petition as untimely filed.

On August 11, 1998, the trial court inexplicably issued an order, *sua sponte*, permitting Appellant to file a direct appeal *nunc pro tunc.*  On September 10, 1998, the trial court issued an order that directed Appellant to file a 1925(b) statement with the trial court.  …Appellant neither filed an appeal nor complied with the order of the trial court.

Then, on January 7, 1999, the trial court entered another order granting Appellant permission to file a direct appeal *nunc pro tunc.*  Six days later, Appellant filed a notice of appeal with the Superior Court. …  Appellant failed to [file a Rule 1925(b) statement] and failed to file an appellate brief.  Accordingly, on October 21, 1999, [this] Court issued an order dismissing Appellant's appeal without prejudice to his right to seek relief under the PCRA.

On August 18, 2000, Appellant filed his second PCRA petition.  …  On November 17, 2000, the PCRA court appointed counsel.  …  [O]n June 6, 2001, the PCRA court dismissed Appellant's second petition as untimely filed.

*Commonwealth v. Williamson*, No. 2128 EDA 2001, unpublished memorandum at 1-3 (Pa.Super. filed September 17, 2002).

On appeal, this Court determined that the trial court had lacked jurisdiction to reinstate Appellant's direct appeal rights *sua sponte*.  **See id.**

at 8. Therefore, Appellant's second appeal of his judgment of sentence stemmed from a legal nullity. *Id.* As such, this Court concluded that Appellant's judgment of sentence became final on February 11, 1995, the expiration of the time for seeking review of this Court's dismissal of Appellant's first direct appeal from his judgment of sentence. *Id.* at 6-7. Nevertheless, because Appellant's judgment of sentence became final before the 1995 amendments to the PCRA,[2] this Court noted that Appellant had until January 16, 1997 to file a timely first PCRA petition under the grace period applicable in those circumstances. *Id.*[3] *See also Commonwealth v. Fenati*, 561 Pa. 106, 748 A.2d 205 (2000) (holding PCRA petitioners who are filing their first PCRA petition and whose judgment of sentence became final prior to January

---

[2] Section 9545(b)(1) of the 1995 amendments to the PCRA provides that any PCRA petition, including a second or subsequent petition, shall be filed within one year of the date that judgment becomes final unless the petitioner pleads and proves the applicability of an exception.

[3] Nevertheless, this Court determined that Appellant's second PCRA petition, filed on August 18, 2000, was to be treated as an extension of Appellant's first PCRA petition, filed on March 24, 1997, because the PCRA court did not appoint counsel to represent Appellant for his first PCRA petition. This Court therefore remanded the matter to the PCRA court to appoint counsel to examine whether any of the timeliness exceptions applied to Appellant's first PCRA petition. *See id.* Our Supreme Court later overruled the "extension theory" under the PCRA. *See Commonwealth v. Robinson*, 575 Pa. 500, 837 A.2d 1157 (2003). On remand, Appellant's counsel determined that none of the timeliness exceptions applied in Appellant's case and petitioned to withdraw under *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). The PCRA court dismissed Appellant's PCRA petition as untimely and this Court affirmed the PCRA court's order. *See Commonwealth v. Williamson*, No. 1657 EDA 2003 (Pa.Super. filed June 25, 2004) (unpublished memorandum).

16, 1996 effective date of Section 9545(b)(1) had until January 16, 1997 to file timely first PCRA petition).

Appellant filed another PCRA petition on January 11, 2006. Appellant argued that since he was not personally notified of this Court's January 12, 1995 order dismissing his direct appeal, his judgment of sentence never became final. This Court rejected Appellant's argument. *See* ***Commonwealth v. Williamson***, No. 555 EDA 2007, unpublished memorandum at 5-6 (Pa.Super. filed June 13, 2008), *appeal denied*, 599 Pa. 710, 962 A.2d 1197 (2008). This Court additionally held that that "even if [Appellant] was not notified personally of our 1995 dismissal, the record establishes conclusively that Appellant was actually aware of it when he filed his 1997 and 2000 PCRA petitions, and he cannot now invoke a lack of notice regarding disposition of the 1995 appeal as a basis for an exception." ***Id.*** at 6-7. This Court further held that although Appellant's direct appeal counsel was ineffective, resulting in the dismissal of Appellant's 1995 direct appeal, Appellant was not entitled to relief because Appellant failed to seek reinstatement of his direct appeal rights within the PCRA time constraints. ***Id.*** at 6.

Appellant subsequently filed PCRA petitions in 2009 and 2012. The PCRA court dismissed both PCRA petitions as untimely, and Appellant did not seek further review with this Court.

On January 9, 2023, Appellant filed a motion titled, "Motion for

Modification of Orders Pursuant to 42 Pa.C.S.[A.] §5505."[4]  The motion stated

that Appellant was "seeking to reopen the Superior Court's final order

dismissing [Appellant's] direct appeal … on January 12, 1995, due to appellate

counsel's failure to file a brief in support of that appeal; and/or [our] Supreme

Court's final judgment of sentence order on February 11, 1995, *i.e.*, without

notice to movant."  (Motion for Modification of Orders, filed 1/9/23, at 1)

(unpaginated) (some emphasis and capitalization omitted).  Appellant argued

that because he was not given notice of this Court's 1995 order dismissing his

direct appeal, "fairness demands [the court] to properly enter an out of time

order, ordering that either the January 12, 1995 dismissal order and/or the

February 11, 1995 final judgment of sentence order be mailed to movant, in

order for either order to become final and appealable."  (**Id.** at 4)

(unpaginated) (some emphasis omitted).  On July 11, 2024, Appellant filed an

"Amended Motion for Modification of Orders Pursuant to 42 Pa.C.S.[A.] §

5505," requesting that the court employ its inherent power to correct patent

and obvious errors in orders to require that the 1995 orders be served upon

Appellant.  (**See** Amended Motion for Modification of Orders, filed 7/11/24, at

1-2).

On March 2, 2023, Appellant filed a motion for post-conviction DNA

testing.  Appellant requested DNA testing of various items of physical

_____

[4] Section 5505 provides: "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed."  42 Pa.C.S.A. §5505.

evidence,[5] claiming that DNA testing of these items would prove Appellant's innocence. In support, Appellant listed "reasonable theories" to establish his innocence. Specifically, Appellant claimed that Leroy Johnson was the individual who shot Mr. Pride. Appellant asserted that law enforcement executed a search warrant on Mr. Johnson's vehicle and residence as part of their investigation and Appellant was seeking to conduct DNA testing on the items that were recovered from those searches. Appellant claimed that Ms. McFarland, the eyewitness who was present at the shooting and identified Appellant as the shooter, misidentified Appellant as the shooter in a photo

_____

[5] Specifically, Appellant requested DNA testing of the following:

(1) 15 latent fingerprints extracted from the perpetrator's vehicle
(2) The apple hat obtained [from] search of said vehicle
(3) Photographs obtained in search of vehicle and or perpetrator's residence
(4) Box(es) gun came in which was seized during search of perpetrator's residence
(5) Box(es) and individual bullets therein, which was seized in search of perpetrator's residence
(6) Outside of sneakers seized in search of vehicle and/or residence of perpetrator
(7) Inside of the sneaker seized
(8) Paper bag containing utility bills and telephone numbers
(9) Each individual sheet/bill
(10) July 5, 1987 signed statement of Horrace Jones
(11) July 1987 signed statement of Evangelist Danny Yancy
(12) July & August 1987 signed statements of Ms. Helen Thompson McFarland

(Motion for Post-Conviction DNA Testing, filed 3/2/23, at 2) (unpaginated) (spelling errors corrected).

array. Appellant further averred that law enforcement colluded with Ms. McFarland to concoct a motive for Appellant to shoot Mr. Pride. Additionally, Appellant insisted that the prosecutor's office provided information to Nina Ellis, another witness who testified at Appellant's trial, to supply false testimony that she saw Appellant wearing the same clothing that the shooter was described to be wearing.

On October 2, 2024, Appellant filed a motion titled "Extraordinary Relief Motion Requesting Discovery in the Form of the Homicide and District Attorney Files." Appellant sought post-conviction discovery and requested that the police department and the district attorney's office disclose the entirety of their files on Appellant's case. Appellant further specified a list of 20 documents that he wanted to review. Appellant also claimed that the Commonwealth failed to meet its obligation to disclose exculpatory evidence pursuant to **Brady v. Maryland**, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

The PCRA court treated Appellant's January 9, 2023 and July 11, 2024 motions for modification of orders as a PCRA petition. On January 21, 2025, the PCRA court issued a notice of intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. The court dismissed Appellant's PCRA petition on February 24, 2025. The court found that Appellant's PCRA petition was untimely and Appellant failed to invoke any of the exceptions to the PCRA time bar. In the same order, the court further decided that Appellant failed to meet the requirements to compel post-

conviction discovery and/or DNA testing. On March 19, 2025, Appellant timely filed a notice of appeal and a voluntary concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issues for our review:

Whether the PCRA [court] misapplied 42 Pa.C.S.A. § 9543(a) to include a request to correct a patent & [obvious] mistake by the prothonotary's failure to docket ([pursuant] to [Pa.R.Crim.P. 114]) and forward to [the A]ppellant the Superior and Supreme Courts' January 12th, and February 11th, 1995, final order.

Whether the PCRA [court] erred in [its] denial of the motion to compel discovery?

Whether the PCRA [court] erred in denying [A]ppellant's motion for DNA testing?

(Appellant's Brief at 3) (unpaginated) (reordered for purposes of disposition).

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Hackett*, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. *Robinson, supra*. "Jurisdictional time limitations are not subject to equitable exceptions and a court has no authority to extend them except as the statute permits. By placing strict time limitations on the process, it is clear that the Legislature intended that there be finality to the collateral review process." *Commonwealth v. Bennett*, 593 Pa. 382, 388, 930 A.2d 1264, 1267 (2007).

The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). To obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A PCRA petitioner must file his petition within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

The PCRA is "the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect[.]" 42 Pa.C.S.A. § 9542.

"Under the plain words of the statute, if the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is **exclusive** to the PCRA." ***Commonwealth v. Pagan***, 864 A.2d 1231, 1233 (Pa.Super. 2004), *cert denied*, 546 U.S. 909, 126 S.Ct. 264, 163 L.Ed.2d 237 (2005) (citations omitted) (emphasis in original).

Additionally, Rule 902 of the Pennsylvania Rules of Criminal Procedure provides, in relevant part, that "no discovery shall be permitted at any stage of the [PCRA] proceedings, except upon leave of court after a showing of exceptional circumstances." Pa.R.Crim.P. 902(E)(1). However, where a PCRA petition is untimely, "[a] PCRA court's ability to order discovery is precluded by the lack of jurisdiction demonstrated by the failure of [an appellant] to satisfy [a Section] 9545(b)(1)(ii) exception to the [PCRA] time-bar." ***Commonwealth v. Johnston***, 42 A.3d 1120, 1130 (Pa.Super. 2012).

Instantly, this Court has previously determined that Appellant's judgment of sentence became final on February 11, 1995, upon expiration of the time to appeal this Court's dismissal of Appellant's first direct appeal from his judgment of sentence. ***See Commonwealth v. Williamson***, No. 2128 EDA 2001 (Pa.Super. filed September 17, 2002) (unpublished memorandum). As such, Appellant had until February 11, 1996 to file a timely PCRA petition.[6] ***See*** 42 Pa.C.S.A. § 9545(b)(1). Appellant's current motions for modification

---

[6] Although Appellant's judgment of sentence became final before the effective date of the 1995 amendments to the PCRA, the grace period that gave Appellant until January 16, 1997 to file a timely PCRA petition applied only to Appellant's first PCRA petition. ***See Fenati, supra***.

of orders filed on January 9, 2023 and July 11, 2024, which the court treated together as a PCRA petition, is patently untimely.

Appellant does not assert that he satisfies any of the timeliness exceptions. Rather, Appellant claims that the PCRA court erred in treating his motions for modification of orders as a PCRA petition. Regardless of how Appellant titled his motions, the two claims that Appellant raised therein were: 1) Appellant's counsel provided ineffective assistance during his first direct appeal, and 2) Appellant was not given proper notice of this Court's 1995 dismissal of Appellant's direct appeal.[7] Both of these claims are cognizable under the PCRA. *See Commonwealth v. Hall*, 565 Pa. 92, 771 A.2d 1232 (2001) (holding that request for reinstatement of direct appeal rights due to appellate counsel's ineffective assistance is cognizable under PCRA and is thus subject to PCRA's time restrictions). *See also Bennet, supra* (recognizing that claim that appellant did not receive notice of Superior Court's dismissal of appellant's direct appeal may be raised under the PCRA). Additionally, this Court previously rejected these exact claims when Appellant raised them in his 2006 PCRA petition. *See Commonwealth v. Williamson*, No. 555 EDA 2007, unpublished memorandum at 5-6 (Pa.Super. filed June 13, 2008),

---

[7] Appellant mistakenly claims that he was not given notice of our Supreme Court's final judgment of sentence order issued on February 11, 1995. No such order exists because Appellant did not file a petition for allowance of appeal to our Supreme Court from this Court's dismissal of his direct appeal. Rather, February 11, 1995 is the date that Appellant's judgment of sentence became final because it is the date that Appellant's time to file a petition for allowance of appeal in our Supreme Court expired.

- 11 -

*appeal denied*, 599 Pa. 710, 962 A.2d 1197 (2008). As such, the PCRA court did not err in treating Appellant's motions for modification of orders as a PCRA petition. ***See*** 42 Pa.C.S.A. § 9542; ***Pagan, supra***.

As Appellant has failed to assert or prove any of the PCRA timeliness exceptions, his petition remains time barred. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Therefore, neither the PCRA court nor this Court has jurisdiction to address Appellant's claims raised in his motions for modification of orders. ***See Robinson, supra***. Further, the PCRA court did not have jurisdiction to order post-conviction discovery.[8] ***See Johnston, supra***. Accordingly, Appellant is not entitled to relief on his first two issues on appeal.

In his third issue, Appellant asserts that the identity of the perpetrator who committed Mr. Pride's murder was at issue at Appellant's trial. Appellant contends that he put forth reasonable theories demonstrating that he is innocent of the crime. Appellant argues that a certain level of speculation was necessary in explaining his theories of innocence so that the court could evaluate whether there was a reasonable possibility that DNA testing would establish his innocence. Appellant claims that he sufficiently put forth a *prima facie* case demonstrating that DNA testing would establish his actual innocence. Appellant concludes that the PCRA court erred in denying his

_____

[8] Although Appellant loosely claims that the Commonwealth violated ***Brady***, Appellant fails to support this claim with any argument or citation to relevant authority. As such, Appellant has waived this claim. ***See*** Pa.R.A.P. 2119(a); ***Commonwealth v. Hakala,*** 900 A.2d 404 (Pa.Super. 2006), *appeal denied*, 589 Pa. 737, 909 A.2d 1288 (2006) (stating failure to develop argument on appeal results in waiver).

motion for DNA testing, and this Court should vacate and remand the matter. We disagree.

"[O]ur review of the denial of a motion [for post-conviction DNA testing] is guided by our well established standard of review of an order denying post-conviction relief, under which our task is to examine whether the lower court's rulings are supported by the evidence of record as well as whether they are free from legal error." ***Commonwealth v. Hardy***, ___ Pa. ___, ___, 337 A.3d 385, 404 (2025) (citation and quotation marks omitted). Additionally:

> [T]he trial court's application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law. When reviewing an order denying a motion for post-conviction DNA testing, this Court determines whether the movant satisfied the statutory requirements listed in Section 9543.1. We can affirm the court's decision if there is any basis to support it, even if we rely on different grounds to affirm.

***Commonwealth v. Williams***, 35 A.3d 44, 47 (Pa.Super. 2011), *appeal denied*, 616 Pa. 467, 50 A.3d 121 (2012) (internal citations and quotation marks omitted).

Requests for post-conviction DNA testing are governed by statute at 42 Pa.C.S.A. § 9543.1, which provides in pertinent part:

> **§ 9543.1.  Postconviction DNA testing**
>
> **(a) Motion.—**
>
> (1) An individual convicted of a criminal offense in a court of this Commonwealth may apply by making a written motion to the sentencing court at any time for the performance of forensic DNA testing on specific evidence that is related to the investigation or prosecution that

- 13 -

resulted in the judgment of conviction.

(2) The evidence may have been discovered either prior to or after the applicant's conviction. The evidence shall be available for testing as of the date of the motion. If the evidence was discovered prior to the applicant's conviction, the evidence shall not have been subject to the DNA testing requested because the technology for testing was not in existence at the time of the trial or the applicant's counsel did not seek testing at the time of the trial in a case where a verdict was rendered on or before January 1, 1995, or the evidence was subject to the testing, but newer technology could provide substantially more accurate and substantially probative results, or the applicant's counsel sought funds from the court to pay for the testing because his client was indigent and the court refused the request despite the client's indigency.

\* \* \*

**(c) Requirements.—**In any motion under subsection (a), under penalty of perjury, the applicant shall:

(1)    (i) specify the evidence to be tested;

(ii) state that the applicant consents to provide samples of bodily fluid for use in the DNA testing; and

(iii) acknowledge that the applicant understands that, if the motion is granted, any data obtained from any DNA samples or test results may be entered into law enforcement databases, may be used in the investigation of other crimes and may be used as evidence against the applicant in other cases.

(2)    (i) in a sworn statement subject to the penalties under 18 Pa.C.S. §§ 4902 (relating to perjury) and 4903 (relating to false swearing), assert the applicant's actual innocence of the offense for which the applicant was convicted and that the applicant seeks DNA testing for the purpose of

demonstrating the applicant's actual innocence; and

\* \* \*

(3)  present a prima facie case demonstrating that the:

(i) identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in the applicant's conviction and sentencing; and

(ii) DNA testing of the specific evidence, assuming exculpatory results, would establish:

(A) the applicant's actual innocence of the offense for which the applicant was convicted;

\* \* \*

**(d) Order.—**

\* \* \*

(2) The court shall not order the testing requested in a motion under subsection (a) if, after review of the record of the applicant's trial, the court determines that there is no reasonable possibility for an applicant under State supervision, or there is no reasonable probability for an applicant not under State supervision, or after review of the record of the applicant's guilty plea, the court determines that there is no reasonable probability, that the testing would produce exculpatory evidence that:

(i) would establish the applicant's actual innocence of the offense for which the applicant was convicted;

\* \* \*

42 Pa.S.C.A. § 9543.1(a), (c) & (d).

Thus:

> The text of the statute set forth in Section 9543.1(c)(3) and reinforced in Section 9543.1(d)(2) requires the applicant to demonstrate that favorable results of the requested DNA testing would establish the applicant's actual innocence of the crime of conviction. The statutory standard to obtain testing requires more than conjecture or speculation; **it demands a *prima facie* case that the DNA results, if exculpatory, would establish actual innocence.**

***Commonwealth v. Walsh***, 125 A.3d 1248, 1254-55 (Pa.Super. 2015) (emphasis in original) (quoting ***Williams, supra***).

Additionally, this Court has consistently held that the one-year jurisdictional time bar of the PCRA does not apply to motions for DNA testing under Section 9543.1. ***Commonwealth v. Conway***, 14 A.3d 101, 108 n.2 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). "[T]here is no fixed temporal period within which the applicant must seek DNA testing, and no invisible clock that is running against the applicant from any particular time. Nonetheless, the motion must be made in a timely manner, which … means that it is aimed not to delay the execution of sentence or administration of justice, but rather is designed for the purpose of demonstrating the applicant's actual innocence." ***Hardy, supra*** at ___, 337 A.3d at 418 (citation and quotation marks omitted).

Here, the PCRA court found that Appellant failed to set forth a *prima facie* case that the results of the DNA testing Appellant requested, if exculpatory, would establish his actual innocence. Our review of the record supports the court's conclusion. Appellant asserts that he is innocent and an

individual named Leroy Johnson committed the murder. Appellant seeks DNA testing of items that were recovered when law enforcement searched Mr. Johnson's vehicle and residence. Appellant also seeks DNA testing to support his theory that law enforcement colluded with witnesses Ms. McFarland and Ms. Ellis, who testified against Appellant at trial. Although Appellant makes a conclusory assertion that DNA testing would establish his innocence, Appellant fails to explain the significance of the items he wishes to test and how they are related to his case. Appellant also fails to explain what exculpatory results he anticipates if these items were tested and how any such results would establish his innocence. Appellant claims that Mr. Johnson committed the murder, but he fails to explain how DNA testing of the specific items he selected would establish that Mr. Johnson was the perpetrator. Similarly, Appellant claims that Ms. McFarland and Ms. Ellis conspired with law enforcement to provide false testimony at his trial. Nevertheless, Appellant fails to explain how DNA testing would support or establish this claim. On this record, we cannot say the PCRA court erred in denying Appellant's motion for post-conviction DNA testing. **See Hardy, supra**; **Williams, supra**. Accordingly, Appellant is not entitled to relief on any of his claims on appeal, and we affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>4/24/2026</u>